UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| DEFENDERS OF WILDLIFE, et al., )<br>)<br>Plaintiffs, )<br>)<br>)<br>vs. )<br>)<br>ROWAN GOULD, U.S. Fish and )<br>Wildlife Service Director, et al. )<br>)<br>Defendants, )<br>and )<br>)<br>)<br>SAFARI CLUB INTERNATIONAL, et )<br>al, )<br>)<br>)<br>Defendant-Intervenors. ) | Case No. CV-08-56-M-DWM<br><br><br>ORDER |

Plaintiffs challenged the U.S. Fish & Wildlife Service's ("Service") decision to designate and delist a northern Rocky Mountain gray wolf distinct population segment under the Endangered Species Act ("ESA"), 16 U.S.C. § 1536. On July 18, 2008, the Court granted Plaintiffs' motion for a preliminary injunction and reinstated ESA protections for wolf population. The Defendants then moved to

1

remand to the Service and vacate the final rule delisting the northern Rocky Mountain gray wolf distinct population segment. On October 14, 2008, the Court granted the Defendants' motion, vacating the final rule and remanding the rule to the Service.

Plaintiffs now move for an award of attorney fees and costs incurred in the litigation, pursuant to 16 U.S.C. § 1540(g)(4). In their amended motion, Plaintiffs request $386,666.00 in fees and $1,704.66 in costs. Defendants agree that Plaintiffs may receive an award of reasonable fees and costs, but they dispute the amount requested by Plaintiffs. They argue for a reduction in the rates and hours requested by Plaintiffs, for a total payment of $157,294.50.

The ESA permits the Court to "award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." 16 U.S.C. § 1540(g)(4). An award of fees and costs is appropriate when a party has achieved some degree of success on the merits. Ruckelshaus v. Sierra Club, 463 U.S. 680, 682 (1983). The Court determines an appropriate fee award by calculating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

2

To determine a reasonable hourly rate, the Court considers fees charged by "private attorneys of an ability and reputation comparable to that of prevailing counsel . . . for legal work of similar complexity." Davis v. City & County of San Francisco, 976 F.2d 1536, 1545 (9th Cir. 1992). Plaintiffs request the following rates: $400/hour for Douglas Honnold, $325/hour for Timothy Preso, $200/hour for Jenny Harbine, $175/hour for Sean Helle, and $100/hour for legal interns Michael Hiatt and Whitney Morgan. Plaintiffs argue their expertise in ESA cases warrants the requested rates, particularly the expertise and experience of Mr. Honnold and Mr. Preso. However, after considering the affidavits submitted by both Plaintiffs and Defendants regarding prevailing rates in Montana and the experience of these attorneys, the Court finds the requested rates are high. Based on the skill and experience of the attorneys, prevailing rates in Montana, and the complexity of the case, the following rates are reasonable:

| Attorney | Rate |
|---|---|
| Douglas Honnold | $300/hour |
| Timothy Preso | $225/hour |
| Jenny Harbine | $175/hour |
| Sean Helle | $125/hour |
| Michael Hiatt | $75/hour |
| Whitney Morgan | $75/hour |

Plaintiffs' amended motion requests payment for 1530.4 hours. Defendants object to this total because it includes 347.1 hours incurred during the comment process for the delisting rule. Fees shifting statutes do not entitle attorneys to

receive fees incurred during pre-litigation administrative proceedings. See Webb v. Board of Educ. of Dyer County, Tenn., 471 U.S. 234, 242-43 (1985). Further, Plaintiffs were not required to engage in the comment process to file suit. The ESA only requires that they file a 60-day notice of intent to sue. 16 U.S.C. § 1540(g)(2). Defendants concede the Plaintiffs are entitled to fees for the time relating to the 60-day notice. The Plaintiffs are not entitled to payment for the 347.1 hours billed during the comment process.

After subtracting the 347.1 hours billed during the comment period, Plaintiffs' remaining request totals 1183.3 hours. Defendants request a 25% reduction in this amount, on the ground that the hours are excessive and Plaintiffs' bookkeeping practices are inadequate. While the case was resolved in a fairly short time, given the scientific and legal complexity of the case, the voluminous administrative record, and the large number of defendants and defendant-intervenors, the hours expended were not unreasonable. Upon review of the billing statements submitted by Plaintiffs, I also find the statements contain sufficient detail to determine that the hours are recoverable. The statements list, in one-tenth hour increments, the time expended and the general purpose of the work. See Fischer v. SJB-P.D., 214 F.3d 1115, 1121 (9th Cir. 2000) (concluding that records

4

are adequate if they list hours and identify the general subject matter of the expenditures).

The Plaintiffs reasonably expended 1183.3 hours in this litigation, and the attorneys will be paid at the rates stated above for the following hours:

| | |
|---|---|
| Douglas Honnold | 542.3 hours |
| Timothy Preso | 44.4 hours |
| Jenny Harbine | 329.6 hours |
| Sean Helle | 220.2 hours |
| Michael Hiatt | 32.5 hours |
| Whitney Morgan | 14.3 hours |

Based on these rates and hours, Plaintiffs are entitled to $261,395 in fees, with each attorney entitled to the following amounts:

| | |
|---|---|
| Douglas Honnold | $162,690 |
| Timothy Preso | $9,990 |
| Jenny Harbine | $57,680 |
| Sean Helle | $27,525 |
| Michael Hiatt | $2,437.50 |
| Whitney Morgan | $1,072.50 |

Plaintiffs also request $1,704.66 in costs. Defendants do not contest this request. Def.'s Br. at 6, n. 11. The Court finds this request is reasonable. Plaintiffs will receive $1,704.66 in costs. This amount plus attorney fees in the amount of $261,395 yields a total payment to Plaintiffs of $263,099.66.

IT IS HEREBY ORDERED that Plaintiffs' Motion for Attorney Fees and Costs and Amended Motion for Attorney Fees and Costs (dkt # 115, 120) are

5

GRANTED IN PART and DENIED IN PART.  Plaintiffs are entitled to receive fees and costs, but not in the amounts requested.  They are entitled to $1,704.66 in costs and $261,395 in fees, as set forth above.

DATED this 17th day of February, 2009.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT